TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:   (212) 354-0025
Fax:   (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COBELFRET S.A.,                                          :     07 CV _____

         Plaintiff,                                       :     ECF CASE

    - against -                                             :

ATLAS BULK SHIPPING A/S,                                 :

         Defendant.                                       :
------------------------------------------------------------X



## VERIFIED COMPLAINT

The Plaintiff, COBELFRET S.A. (hereinafter "Plaintiff"), by its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, ATLAS BULK SHIPPING A/S (hereinafter "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of the laws of *Luxembourg.*

3. Upon information and belief, at all material times, Defendant was and still is an entity duly organized and existing by virtue of Danish law with a principal place of business in Copenhagen, Denmark.

4. By a charter party dated March 8, 2005 Plaintiff, as disponent vessel owner, chartered the motor vessel "OLYMPIA" (hereinafter the "Vessel") to Defendant for one time charter trip for the purpose of carriage of a cargo of coal in bulk.

5. During the course of the aforesaid charter party disputes arose between Plaintiff and Defendant regarding (i) liability for costs of vessel repairs for damages incurred to the lower forward ladder, platform and adjacent bulkhead frame within cargo hold one during cargo discharge and (ii) unpaid charter party hire and vessel expenses.

6. The aforesaid vessel damages were caused by stevedores during cargo discharge in Liverpool, England. The charter party at clause 8 made it the Defendant's responsibility to load, stow, spout and trim, tally and discharge the cargo at its expense. The charter party at rider clause 62 required the Vessel master to obtain, if possible, repair from the stevedores for vessel damages that they caused and settle directly with the stevedores but provides that the Defendant, as vessel charterers, are ultimately liable for the damages to the extent that the Master, and or vessel owners, failed to obtain repairs from the stevedores directly.

7. The vessel head owners sought to hold the stevedores directly liable for the vessel damages but the stevedores have denied liability and/or refused to pay the cost of the vessel repairs which amounted to $42,942.02.

8. During the course of the charter party the Defendant unlawfully sought to place the vessel off hire and as a consequence unpaid hire accumulated until the time and place of vessel redelivery. The total sum of the unpaid hire and related vessel expenses arose to $133,528.31.

9. In breach of the charter party the Defendant has failed and/or refused to pay the outstanding hire and expenses and also the costs of the vessel repairs.

10. Plaintiff has suffered losses in the total principal sum of $176,470.33, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

11. As best as can now be estimated, Plaintiff expects to recover the following amounts from the Defendant within ongoing London arbitration:

| | | |
|---|---|---|
| A. | Principal claim: | $176,470.33; |
| B. | Estimated interest at 8.5% for four (4) years: | $68,147.28; and |
| C. | Attorneys' fees and other costs: | $100,000. |
| Total: | | **$344,617.61.** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant,

and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are due and owing to the Defendants, in the amount of **$344,617.61** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C.    That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 4, 2007
       Southport, Connecticut

                                    The Plaintiff,
                                    COBELFRET S.A.

By: _____
                                    Lauren C. Davies (LD 1980)
                                    Kevin J. Lennon (KL 5072)

                                    TISDALE & LENNON, LLC
                                    11 West 42nd Street, Suite 900
                                    New York, NY 10036
                                    (212) 354-0025 (Phone)
                                    (212) 869-0067 (Fax)
                                    ldavies@tisdale-lennon.com
                                    klennon@tisdale-lennon.com

## ATTORNEY VERIFICATION

State of Connecticut )
                     ) ss: Town of Southport
County of Fairfield  )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its solicitors, all of which I believe to be true and accurate.

Dated: May 4, 2007
       Southport, Connecticut

_____
Lauren C. Davies